UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br> v. <br><br> JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 96.57.109.42, <br><br> Defendant. | Civil Action No. 15-1821 (AET) <br><br> MEMORANDUM OPINION AND ORDER |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court on Defendant John Doe's ("Doe") Motion to Quash Subpoena. [Docket Entry No. 7]. Plaintiff Malibu Media, LLC ("Plaintiff") has filed its opposition to the Plaintiff's Motion. [Docket Entry No. 8]. The Court has fully reviewed and considered all papers submitted in support of, and in opposition to, Doe's Motion and considers the same without oral argument pursuant to FED. R. CIV. P. 78. For the reasons set forth more fully below, consistent with this Memorandum Opinion and the accompanying Order, Doe's motion is DENIED.

**I.    INTRODUCTION**

This is an action for copyright infringement brought against an unknown individual who is identifiable to Plaintiff only by his or her Internet Protocol ("IP") address. In order to obtain the identity of the Defendant, the Plaintiff on March 30, 2015 moved the Court to file a Third Party Subpoena on Defendant's Internet Service Provider ("ISP"), pursuant to FED. R. CIV. P. ("Rule") 45. [*See* Docket Entry No. 5]. Upon a showing of good cause, the Court on April 20, 2015 granted the Plaintiff's Motion. [*See* Docket Entry No. 6]. The Defendant now seeks to

quash the Plaintiff's third party subpoena and, it appears, also wants to protect the identity of their client until the Plaintiff makes a "balanced and candid" disclosure of all "material facts" as required by the heightened candor requirement for *ex parte* communications under New Jersey Rule of Professional Conduct 3.3(d) ("NJRPC 3.3(d)"). The Plaintiff says in response that the Defendant has not cited any valid reason to quash the Plaintiff's third party subpoena under Rule 45.

## II.   ANALYSIS

### 1. Legal Standard

Rule 45(d)(3)(A) sets forth the circumstances under which the Court must quash a subpoena. In relevant part, the Rule provides a Court must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  FED. R. CIV. P. 45(d)(3)(A).  Similarly, Rule 45(d)(3)(B) sets forth the circumstances under which the Court may quash or modify a subpoena. In relevant part, the Rule provides a Court may quash or modify a subpoena when that subpoena requires: "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." FED. R. CIV. P. 45(d)(3)(B).

"The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [FED. R. CIV. P. 45] are satisfied." *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383, at *5 (E.D. Pa. Jul. 30, 2012) (citing *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008)). This has been described as "a heavy

burden." *Id.* (citing *Dexter v. Cosan Chem. Corp.*, 2000 U.S. Dist. LEXIS 22134, at *7-8 (D.N.J. Oct. 24, 2000)).

### 2. Standing

Although the Defendant does not state that he or she has the standing to contest the Plaintiff's third party subpoena, the Court will *sua sponte* address this issue.

Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed. *See Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). However, a party to an action has standing to quash or modify a non-party subpoena where the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information. *Id.*; *see DIRECTV, Inc. v. Richards*, No. Civ. 03-5606 (GEB), 2005 WL 1514187, at *1 (D.N.J. June 27, 2005) (citing *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)). For example, a party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records. *See Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598.

Here, the Defendant argues that because the third party subpoena was filed with the Court *ex parte,* the Plaintiff was therefore required to divulge "all material facts," and particularly, adverse facts. Because the Plaintiff has allegedly failed to do so, the Defendant suggests "[a]t a minimum, the present subpoena ought to be quashed until such time as Malibu can be bothered to submit a subpoena request that actually fulfills the heightened candor requirement of NEW JERSEY RPC 3.3(d)". See *Defendant's Motion to Quash and Memorandum in Support*, Docket Entry No. 7, at *27. The Defendant has graciously included in their motion and attached memorandum in support, every conceivable "adverse material fact" under the sun. The "adverse material facts" include a host of bullet-pointed anecdotal arguments that largely can be

3

characterized as ethical complaints about the way the Plaintiffs have chosen to protect their copyrighted content, the assertion that the subscriber assigned the infringing IP address is not necessarily the infringer of the copyright, and that pornography may have a potentially harmful effect on the human brain.

While some of these points are more relevant than others to the final resolution of the substantive copyright issues in this litigation, none of these arguments are relevant to the issues involved in determining whether a non-party subpoena must, or may, be quashed. The satisfaction of a rule of professional conduct is not a prerequisite for the filing of a third party subpoena under Rule 45, and is completely and utterly irrelevant to determining whether or not the Defendant has a privacy interest that would give him standing to quash said third party subpoena. Nor do any of the Defendant's other arguments, most notably the Plaintiff's alleged failure to disclose the potentially harmful effects of pornography on the human brain, have any bearing whatsoever on whether or not the Plaintiff's third party subpoena must be, or may be, properly quashed or modified under Rule 45. Therefore, the Court must now determine standing, by first turning to whether the information sought by the subpoenas is indeed privileged or protected material.

### 3. Plaintiff's third-party Subpoenas do not seek privileged or protected material

FED R. CIV. P. 45(c)(3)(A)(iii) requires a court to quash a subpoena if the subpoena seeks "disclosure of privileged or other protected matter, if no exception or waiver applies." However, "[t]he burden rests squarely on the Defendant, as the moving party, to demonstrate that a privilege exists and that the subpoena would disclose such information." *Malibu Media*, 2012 WL 3089383, at *5 (citing *Total Containment*, 2008 WL 1995298, at *2).

Defendant cites no case law holding that standing has been found when the movants assert that material is privileged, seeks to protect a proprietary interest, or claims a privacy interest. Similarly, Defendant fails to take the next step and assert that the information sought by the instant third party subpoena is indeed privileged, proprietary, or private. The Defendant simply states that the Plaintiff's failure to explain all adverse material facts as required by NJRPC 3.3(d) is a sufficient basis to quash the subpoena. The Court does not find this conclusory statement persuasive. This is especially true in light of the fact that courts have consistently held that "Internet subscribers do not have a reasonable expectation of privacy in their subscriber information." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg. v. Does 1-4*, 577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010)). This is because "the [I]nternet subscribers have already voluntarily conveyed their subscriber information—name, address and phone number—to their [I]nternet [S]ervice [P]rovider." *Malibu Media*, 2012 WL 3089383, at *8 (citing *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 257 (N.D. Ill. 2011; *Achte/Neunte*, 736 F. Supp. 2d 212, 216).

Here, the Defendant, having already disclosed his or her personal information to the Defendant's ISPs in order to set up their Internet accounts, cannot make out a claim of privilege or privacy that would serve as a basis for standing to quash the Subpoenas under Rule 45. *See, e.g., First Time Videos*, 276 F.R.D. 241, 247-48 (finding disclosure of personal information to ISP negates privacy interests); *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 339-40 (D.D.C. 2011) (same). Therefore, because the Defendant cannot demonstrate he has a privilege or privacy interest at stake, the Defendant likewise cannot demonstrate he or she has the standing to quash or modify the Plaintiff's third party subpoena. Consequently, the Defendant's Motion is hereby Denied.

### III.     CONCLUSION

For the reasons set forth above, Defendant's Motions to Quash Subpoena is DENIED.

Dated: December 2, 2015

                                     s/Tonianne J. Bongiovanni
                                   **HONORABLE TONIANNE J. BONGIOVANNI**
                                   **UNITED STATES MAGISTRATE JUDGE**